## VESEY v. SOLBERG et al.

The common-law rule that the certificate of acknowledgment of a deed can be overcome only by the most clear, satisfactory, and convincing proofs, does not obtain in the case of an instrument claimed to be forged, where instead of the original instrument being proved, and it itself being offered in evidence, or its loss or destruction being shown, as required at common law, a recorded copy is introduced, as permitted by Code Civ. Proc. § 533; but in such case any evidence that is sufficient to overcome, to the satisfaction of the jury or trial court, any other ordinarily controverted issuable fact is enough.

Evidence in a suit to quiet title against a deed, purporting to have been executed by plaintiffs, and claimed by them to have been forged, and a recorded copy of which, only, was introduced by defendant, **held** sufficient to sustain a finding for plaintiffs.

Plaintiffs are not estopped to claim land against a forged deed from them, under mesne conveyances based on which defendant claims, merely because they had some knowledge that others than themselves were paying taxes on the land during a portion of the time after the recording of such deed, they not having known of the deed, but having known of the sale of the land for taxes.

Corson, J., dissenting.

(Opinion filed June 28, 1911.)

Appeal from Circuit Court, Hughes County.    Hon. LYMAN
T BOUCHER, Judge.

Action by John B. Vesey against U. P. Solberg and another.
Judgment for plaintiff, and defendants appeal.    Affirmed.

*Gaffy, Stephens & Fuller,* for appellants.    *Sutherland &
Payne,* for respondent.

McCOY, J.    The plaintiff brought this action to quiet title
in himself to a certain quarter section of land situated in Hughes
county.    It is undisputed that for some time prior to the 25th
day of March, 1892, plaintiff was the owner in fee of said real es-
tate.    The defendants claim title to said land by a number of
mesne conveyances based on a warranty deed of said land purport-
ing to have been executed by the plaintiff, John B. Vesey, and
Margaret A. Vesey, his wife, to one Edward H. Ratekin, dated
March 25, 1892, and recorded April 1, 1892.    The plaintiff claims
that this deed is a forgery and was never executed by himself and
wife.    On the trial of the case the defendant offered in evidence,
under the provisions  of section 533, Rev. Code Civ. Proc., the
said deed of March 25, 1892, as shown by the records of the
register of deeds of Hughes county.    The original deed was not
produced nor offered in evidence.    Defendant offered some testi-
money to the effect that search had been made to find the original
deed, but that the same had not been found.    Defendant offered
no evidence as to the exexution of the deed, other than the record.
The plaintiff and his wife both testified that they had never exe-
cuted the said deed, nor had either at any time known or heard of
a person by the name of Edward H. Ratekin, prior to the dis-
covery of the record of the deed in question; that they or either
of them had never in their lives had any business transaction of
any kind with Edward H. Ratekin, or any person for him.    A
grown son of the plaintiff also testified that during the year 1892
he was transacting the business of plaintiff and had charge of
plaintiff's business; that at that time plaintiff was incapacitated
from transacting business, and the son testified that he never knew
or heard of the execution of said deed or of any transaction be-
tween plaintiff and the purported grantee named in said deed..

The record of said deed shows that an acknowledgment of the signatures of plaintiff and his wife to said deed was taken before a notary public, one Moses H. Neighbor, in Cook county, in the state of Illinois. The son, William H. Vesey, testified that in 1891, Moses H. Neighbor occupied a desk in his office in the city of Chicago for about six months, but that in 1891 he removed his office to another room, and that Neighbor moved his office to his residence, and that he has no knowledge whatever that plaintiff and his wife ever signed any deed to the tract in question or acknowledged the deed to the 'same before Neighbor. Findings of fact were made by the trial court in favor of plaintiff; that the said plaintiff and his wife did not sign said deed, and did not acknowledge the same, and did not deliver the same to said grantee or to any person for him; and that said deed of conveyance was a false and fraudulent deed as to the plaintiff, and was void as a deed of conveyance. Judgment was entered in favor of plaintiff in accordance with said finding. Defendants bring the cause to this court, questioning the sufficiency of the evidence to justify said finding.

[1] It is contended by appellants that the testimony of plaintiff was not sufficient to overcome the certificate of the notary that the deed was executed and acknowledged by plaintiff and his wife. The defendants contend that the rule of the common law, that the uncorroborated evidence of the husband and wife that the deed purporting to be executed by them is a forgery, is not sufficient to overcome the prima facie evidence of the certificate of the notary that the deed was executed and acknowledged by the husband and wife; that such certificate of acknowledgement can be overcome only by the most clear, satisfactory, and convincing proof, is the rule that should be applied in this case. We are of the opinion that this contention is not well founded, and should not be applicable in view of the provisions of section 533, Rev. Code Civ. Proc. Under the common-law rule of evidence there can be but little question but what the rule contended for by appellants is the correct and proper one. Section 533, Rev. Code Civ. Proc., of this state, is an innovation of the common-law rule of evidence relating to the kind and sufficiency of proof required

as a foundation for the admission in evidence of a title deed. Under the common-law rule the party claiming under and offering in evidence a title deed must first, as a foundation, prove the execution of the original instrument, and the original instrument itself must be offered in evidence, or its loss or destructon shown, before any kind of copy thereof was admissible; even when secondary evidence was admissible, by reason of loss or destruction of the original, the person offering the copy must first make due proof of the execution of the original, but, under the operation of this section of our statute a recorded copy of a title deed is admissible as. prima facie evidence without further proof. A recorded copy of an actually forged title deed under our statute, stands on the same footing, prima facie, with a genuine instrument. In most states having a similar statute, there is an exception from the operation of the statute, as to instruments claimed in good faith to have been forged. Young v. Guilbeau, 3 Wall. 641, 18 L. Ed. 262. The common-law rule requiring that there, must be strong, clear, and convincing testimony to overcome the recitals of the certificate of acknowledgment to a title deed grew up with and was. applicable along by the side of and in connection with the other common-law rule requiring the party offering a deed to produce the original instrument and prove its due execution, and when the statute of this state abrogated the common-law rule requiring the production of the original instrument and proof of its execution, and substituted in place thereof a recorded copy, without proof of execution, some of the reasons for the rule requiring such strong, clear, and convincing evidence to overcome the recitals of the certificate of acknowledgment ceased to exist, in so far as the same appertains to an instrument claimed to be forged, and any evidence that is sufficient to overcome, to the satisfaction of the jury or trial court, any other ordinarily controverted issuable fact, should be sufficient to overcome the recitals of the recorded copy of the certificate of acknowledgment, where the original instrument and the original certificate of acknowledgment are not produced. The object of section 533 was to render more secure recorded real estate titles, but in the instance of forged deeds, especially where the forgery is not discovered until after many

years, it may also furnish a convenient method for robbing a true owner of his land. One forging a deed to title to real property might, under this statute, place the same on record, then burn or otherwise destroy the original forged instrument, keep quiet for many years until a time when it is exceedingly difficult for the true owner of the land to prove the surrounding circumstances, and then go into court and rely on the recitals in the recorded copy of the certificate of acknowledgment to the forged instrument, and the true owner of the land could have no other testimony than his own oath, and which, we are of the opinion, might be amply sufficient to justify a finding in his favor by the jury or trial court. Under the rule of this statute the real owner of the land, in case of a forged deed, is at a great disadvantage, and if his own testimony is not to be weighed and given credence as against the certificate of acknowledgment to the forged instrument, would often be at the mercy of those claiming under the forged deed. Under the rule requiring the production of the original instrument, the signature of the grantor, and also the signature of the notary who signed the certificate, would be in evidence, and the real owner of the land might, in many cases, be able to show by numerous witnesses that the purported signature to the forged instrument was not in his handwriting, and might also be able to show by evidence of that character that the signature of the notary to the certificate of acknowledgment was also a forgery; but under the rule of this statute no such opportunity is offered. The statute has the effect of even denying to the landowner the opportunity of seeing what is claimed to be his own signature to the instrument which deprives him of his title. Under these circumstances the strict rule in regard to the sacredness of the certificate of acknowledgment should be relaxed.

[2] In the case at bar the defendant offered in evidence a recorded copy of a deed of title purporting to have been executed by plaintiff and wife at the city of Chicago, on the 25th day of March, 1892, and acknowledged before Moses H. Neighbor, a notary public, conveying to Edward H. Ratekin, grantee, the real estate in question. On the trial the plaintiff, his wife and grown son, who had charge of plaintiff's business during the year 1892,

each positively testified, that they never knew or ever heard of or ever had any transaction with a person by the name of Ratekin, and plaintiff and wife positively testified that they, or either of them, never at any time executed or ever saw the original deed of the recorded copy offered in evidence, and that they never knew of said forged deed until about two years before the trial of this case. The son testified that he was in the real estate business in Chicago in 1892; that in 1891 for about six months, Moses H. Neighbor, notary public, officed with him, but in 1892, Neighbor was not in his office; that he had charge of his father's business in 1891 and 1892, and drew his papers, and never saw or heard of this deed in question. Plaintiff is 73 years of age, and has resided in Clark county, this state, since 1895. The trial court found in favor of plaintiff and that the said deed, the recorded copy of which purported to have been signed by plaintiff, was a forgery, and that said deed was never delivered to the said grantee. The trial court, whose sole province it was to believe or disbelieve the testimony of plaintiff, corroborated as it was by the testimony of his wife and son, gave credence to plaintiff's testimony. It is the duty of this court, under the well-established rule, to accept this finding of the trial court, unless the same is opposed by a clear preponderance of the evidence. This we cannot say.

[3] Appellants also contend that under the circumstances of this case plaintiff ought now to be estopped from claiming title to said land, from the fact that plaintiff had some knowledge that others than himself were paying taxes on said land during a portion of the time, since the recording of said deed purporting to convey title to Ratekin. But plaintiff claims that he knew said land had been sold for taxes, and that he had no knowledge of the recording of the forged deed until recently. We are of the opinion that the evidence is not sufficient to establish an estoppel against plaintiff.

Finding no error in the record, the judgment of the circuit court is affirmed.

CORSON, J., dissenting.