HAUCK, Respondent v. CRAWFORD et al., Appellants

(62 N. W.2d 92)

(File No. 9389. Opinion filed December 30, 1953)

**Stephens & Riter** and **Eugene D. Mayer,** Pierre, for Appellants.

**F. E. Hohman,** Leola, and **J. B. Graham,** Ellendale, N. D., for Plaintiff and Respondent.

RUDOLPH, J. Although in form an action to quiet title, the real purpose of this action is to cancel and set aside a certain mineral deed admittedly signed by plaintiff and cer-

tain other deeds transferring the mineral rights by the grantee named in the original deed. No one has questioned the form of the action. The trial court entered judgment cancelling the deeds and defendants have appealed.

Cancellation was asked because of alleged fraud, and it was upon this basis that the trial court entered its judgment. The defendants contend, first, that there was no fraud and second, that the mineral rights were transferred to a bona fide purchaser for value and are not, therefore, subject to cancellation even though obtained by fraud in the first instance.

The facts most favorable in support of the judgment of the trial court are as follows: Plaintiff is a farmer owning and operating a farm located partly in South Dakota and partly in North Dakota. He lives on that part of the farm located in South Dakota in McPherson County. Plaintiff is 44 years old, has an 8th grade education, married and has a family. His farm consists of two sections of land which he purchased at three different times.

On May 23, 1951, while plaintiff was at a neighbor's place, three men approached him and discussed leasing plaintiff's land for oil and gas. A Mr. Crawford was the principal spokesman. Plaintiff testified that after some discussion Crawford offered 25¢ an acre for a lease. Plaintiff agreed, and one of the men apparently prepared the necessary papers on a typewriter while sitting in the back seat of the car. When the papers were prepared they were clamped to a board or pad and presented to plaintiff while in the car for signing. Printed forms were used which contained much fine print. The man who prepared the papers indicated where plaintiff should sign, and after signing in one place, partially turned the signed sheet and asked plaintiff to sign again, stating that this second sheet was a part of the lease, which plaintiff believed. Plaintiff testified that no mention was ever made of a mineral deed and to this extent is corroborated by Crawford who in response to the question, "Did you ever describe to Mr. Hauck one of the instruments as a mineral deed?", answered, "No, sir". Separate instruments were required for the land in each state. Plaintiff never received a copy of any of the instruments he signed.

It now appears that somehow plaintiff had signed a mineral deed conveying one-half the minerals in his land to D. W. Crawford. This deed was filed for record June 1, 1951, but on May 29, 1951, Crawford, the grantee, conveyed such mineral rights to the defendants White and Duncan at Gainsville, Texas. The trial court made no finding relating to the knowledge of White and Duncan concerning the conditions under which Duncan obtained the deed, but decided the case on the basis that they were in fact bona fide purchasers for value. This statement of the facts is sufficient for our present purpose.

We are concerned with a type of fraud which the trial court, texts and decided cases refer to as "fraud in the factum" or "fraud in the execution" as distinguished from "fraud in the inducement". This type of fraud relates to misrepresentation of the contents of a document by which one is induced to sign a paper thinking that it is other than it really is. It was this type of fraud with which this court was dealing in the case of Federal Land Bank v. Houck, 68 S.D. 449, 4 N.W.2d 213, 218. In this cited case we held that, as between the original parties, when a person is fraudulently induced to sign a paper believing that it is something other than it really is " the contractual knot was never tied" and such paper or instrument is not only voidable but actually void. In that case it was further held in conformity with prior holdings that "neither reason nor policy justifies the reception of a showing of negligence on the part of him who is overreached, as a countervailent or neutralizer of fraud." In other words, the perpetrator of the fraud cannot avoid his acts by a showing that the person upon whom the fraud was committed was negligent.

 The Houck case, we are convinced, settles the issue of fraud. Accepting as a verity testimony of the plaintiff the misrepresentation and trickery of Crawford was complete. Crawford not only misrepresented the effect of the papers plaintiff signed, but by "manipulation of the papers" as found by the trial court tricked plaintiff into signing the deed thinking it was the lease. Under the rule of the Houck case plaintiff's negligence, if any, does not neutralize this fraud. As stated in the Houck case there was "no intention

to do the act or say the words which manifest a volition to assent." It must therefore be held that as between Hauck, the grantor, and Crawford, the grantee, the deed was void.

■ The deed being void as distinguished from voidable it had no effect whatsoever, conveyed nothing to Crawford, and he in turn had nothing to convey to White and Duncan. As stated by Judge McCoy in the case of Highrock v. Gavin, 43 S. D. 315, 346, 179 N.W. 12, 23.

> "The grantee under this void deed was as powerless to transmit title as would be the thief of stolen property. Said deed had no more force or effect than a forged deed, and, in principle, was legally analogous to a forged deed. The recording statutes furnish no protection to those who claim as innocent purchasers under a forged or otherwise void deed, where the true owner has been guilty of no negligence or acts sufficient to create an estoppel. Delvin on Deeds (3rd Ed.) § 726; 8 R.C.L. 1029; Vesey v. Solberg, 27 S.D. 618, 132 N.W. 254; Pry v. Pry, 109 Ill. 466."

■ Throughout these proceedings appellant has contended that plaintiff is an intelligent farmer, operating a large farm, and that if he failed to detect the fact that he signed a deed such failure was due to his negligence and therefore he should not be permitted to prevail in these proceedings. We have pointed out above that plaintiff's negligence will not neutralize the fraud, or give validity to the deed, but we are convinced that this holding is not decisive as against a purchaser for value without notice. As indicated in the Highrock-Gavin case, supra, even though the deed is void if plaintiff were negligent or committed acts sufficient to create an estoppel he should bear the brunt of such negligence, rather than a bona fide purchaser.

> "An 'estoppel' arises when, by his conduct or acts, a party intentionally or through culpable neglect induces another to believe certain facts to exist, and such other party rightfully relies and acts on such belief so that he will be prejudiced if the former is permitted to deny the existence of such facts." Lambert v. Bradley, 73 S.D. 316, 42 N.W.2d 606, 607.

See also 19 Am.Jur., Estoppel, § 66. As applied to civil actions the words "culpable negligence" mean the same as actionable negligence. State v. Studebaker, 334 Mo. 471, 66 S.W.2d 877, 881. The action being in form an action to quiet title there was no opportunity for appellants to plead an estoppel. There being no opportunity to plead it, the defense is not waived. Smith v. Cleaver, 25 S.D. 351, 126 N.W. 589; 31 C.J.S., Estoppel, § 153, page 445.

■ As we view this case, therefore, we must revert to the issue of whether plaintiff was negligent when he affixed his signature to this deed not knowing that it was a deed he signed. On this issue the trial court made no specific determination. Whether plaintiff was negligent under all the facts and circumstances presented by this record we believe to be a question of fact which should be determined by the trial court. The question is, did plaintiff act as a person of reasonable and ordinary care, endowed with plaintiff's capacity and intelligence, would usually act under like circumstances?

We are not inclined to accept the trial court's holding that the manner in which plaintiff's signature was obtained constituted a forgery. As disclosed by the notes in 14 A.L.R. 316 and 56 A.L.R. 582, such holding is a minority view, and seems to us unsound. We believe the rule we have anonunced in Federal Land Bank v. Houck, supra, and in this opinion will better sustain the ends of justice. Our holding, we believe, recognizes actualities. The signature was the real signature of the plaintiff. True, plaintiff was induced to sign by a false representation, but to hold a signature thus obtained a forgery seems artificial and out of harmony with the actual facts.

The judgment appealed from is reversed.

All the Judges concur.