#24898-rev & rem-SLZ

**2008 SD 126**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE
ESTATE OF GLENN E. OLSON,
DECEASED.
* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CLAY COUNTY, SOUTH DAKOTA

* * * *

HONORABLE ARTHUR L. RUSCH
Judge

* * * *

THOMAS E. ALBERTS
Avon, South Dakota                          Attorney for appellants James
                                            W. Olson and Gary E. Olson.

CRAIG K. THOMPSON
Vermillion, South Dakota                    Attorney for appellees Estate of
                                            Glenn E. Olson and Wayne A.
                                            Olson, as Personal
                                            Representative.


SHEILA S. WOODWARD
STEVEN K. HUFF of
Johnson, Miner, Marlow,
  Woodward & Huff, LLP
Yankton, South Dakota                       Attorneys for appellees Jared
                                            and Luke Muhlbauer

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 3, 2008

OPINION FILED **12/23/08**

#24898

ZINTER, Justice

[¶1.] Over the objection of the personal representative,[1] two specific devisees in the Estate of Glenn Olson (the Estate) moved to intervene in an Estate proceeding. The proceeding involved a third party claim to real property the devisees stood to inherit under the will. The devisees appeal the denial of their motion to intervene. Under the unusual circumstances of this case, we reverse.

*Facts and Procedural History*

[¶2.] In *In re Estate of Olson,* 2008 SD 4, 744 NW2d 555 (*Olson I*), a majority of this Court held that the personal representative had no authority to sell specifically devised real property, and therefore, the personal representative's sale to Jerad and Luke Muhlbauer (Muhlbauers) was void. The Court then remanded the matter to the circuit court to allow the Muhlbauers to intervene and protect their interests. Following remand, Muhlbauers intervened and filed a claim against the Estate seeking to confirm the sale that this Court had previously voided. In the alternative, Muhlbauers asserted a damage claim that they contended would arise if the sale were not confirmed. Muhlbauers' claims were based on their contention that they were good faith purchasers for value who were protected as if the personal

---

1. During the pendency of this appeal, the parties informed this Court that Wayne A. Olson, personal representative of the Estate of Glenn Olson, passed away. The parties did not, however, indicate that the Estate has changed its position on the merits.

representative had been properly authorized to sell the property. *See* SDCL 29A-3-714.[2]

[¶3.]    Over the personal representative's objection, James W. Olson (James) and Gary E. Olson (Gary), beneficiaries of the estate, moved to intervene in the proceedings involving Muhlbauers' claims. James and Gary, who were entitled to the property as specific devisees under the will, objected to the personal representative's legal position that the sale of the property to Muhlbauers should again be confirmed. The circuit court denied James and Gary's motion to intervene, concluding that the personal representative was deemed to adequately represent the interests of all beneficiaries of the Estate. *See* SDCL 29A-3-715(22). James and Gary appeal contending that the circuit court erred in denying their motion to intervene as a matter of right under SDCL 15-6-24(a), or as a matter of discretion under SDCL 15-6-24(b).

---

2.    SDCL 29A-3-714 provides:

> A person who in good faith either assists a personal representative or deals with a personal representative for value is protected as if the personal representative was properly authorized to act. The fact that a person deals with a personal representative with knowledge of the representative capacity does not alone require the person to inquire into the existence of a power or the propriety of its exercise. Except for restrictions on powers of supervised personal representatives which are endorsed on letters as provided in § 29A-3-504, no provision in any will or order of court purporting to limit the power of a personal representative is effective except as to persons with actual knowledge thereof. A person is not bound to see to the proper application of estate assets paid or delivered to a personal representative. The protection here expressed extends to instances in which some procedural irregularity or jurisdictional defect occurred in proceedings leading to the issuance of letters, including a case in which an alleged decedent is found to be alive.

*Decision*

[¶4.] We generally review a circuit court's decision denying a motion to intervene under the abuse of discretion standard of review. Baker, et al. v. Atkinson, et al., 2001 SD 49, ¶12, 625 NW2d 265, 269-70 (citations omitted). This case, however, presents a question of first impression in this jurisdiction regarding intervention in representative litigation under SDCL 15-6-24. The circuit court applied the general rule precluding intervention in such cases. We must decide whether an exception should be adopted. We consider that question of law *de novo*.

[¶5.] "South Dakota's court rule SDCL 15-6-24(a)(2) is almost identical to Federal Rule of Civil Procedure 24(a)(2)." *In re* D.M, 2006 SD 15, ¶5, 710 NW2d 441, 443-44. SDCL 15-6-24(a)(2) governs intervention as a matter of right and provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action:
> . . .
> (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The purpose of this rule is "to obviate delay and multiplicity of suits by creating an opportunity to persons directly interested in the subject matter to join in an action or proceeding already instituted." *In re D.M.,* 2006 SD 15, ¶4, 710 NW2d at 443 (quoting Mergen v. N. States Power Co., 2001 SD 14, ¶5, 621 NW2d 620, 622). Intervention is strictly procedural and "intervention standards are flexible, allowing

for some tailoring of decisions to the facts of each case." *Id.* (quoting Southard v. Hansen, 342 NW2d 231, 233-34 (SD 1984)). "Rule 24 is construed liberally, and we resolve all doubts in favor of the proposed intervenors." United States v. Union Elec. Co., 64 F3d 1152, 1158 (8thCir 1995) (citing Kansas Pub. Employees Retirement Sys. v. Reimer Koger Assocs., Inc., 60 F3d 1304, 1307 (8thCir 1995)). In applying this rule, this Court utilizes the following tripartite test:

> 1) the party must have a recognized interest in the subject matter of the litigation; 2) that interest must be one that might be impaired by the disposition of the litigation; and 3) the interest must not be adequately protected by the existing parties.

*D.M.,* 2006 SD 15, ¶5, 710 NW2d at 444.

*1) James's and Gary's Interests in the Subject Matter of the Litigation*

[¶6.]          "Upon the death of a person, that person's real and personal property devolves to the persons to whom it is devised by will. . . ." SDCL 29A-3-101. "This statute makes it clear that Glenn's real property vested in James and the other six nieces and nephews [(Gary)] at the time of Glenn's death, subject only to the probate of the estate." *Olson I,* 2008 SD 4, ¶15, 744 NW2d at 560 (citing generally *In re* Estate of Roehr, 2001 SD 85, ¶6, 631 NW2d 600, 602). Because the real property at issue vested in James and Gary subject only to administration of the estate, they had a recognized interest in the property that was the subject matter of this litigation.

*2) Impairment of James's and Gary's Property Interests by the Disposition of the Litigation*

[¶7.]          Muhlbauers' primary claim against the Estate is to "award or otherwise confirm the original sale from the Estate to the Muhlbauers." Complaint,

¶10. The Estate's personal representative, Wayne A. Olson (Wayne), agreed with the position of these claimants against the Estate. In his answer to Muhlbauers' complaint, Wayne admitted "that part of paragraph 10 [of Muhlbauers' complaint] that the court should confirm the sale." Estate's Answer to Muhlbauers' Complaint, ¶6. *See also infra* ¶10. Similarly, with respect to Muhlbauers' alternative claim for damages, Wayne asserted that confirmation of the sale was the Estate's proposed resolution of Muhlbauers' claim for damages. Wayne stated:

> [James and Gary's] claim that Wayne's 'activities have resulted in a claim for damages to be submitted' by the [Muhlbauers]. This claim, however, has not come to fruition nor is it likely ever to do so. The [Muhlbauers] will likely invoke SDCL [] 29A-3-714[,] which protects bona fide purchasers for value. *This will permit the [Muhlbauers] to retain the land* without loss to Glenn's Estate.

Estate's Response to James and Gary's Petition for Removal and Restraining Order, ¶9 (emphasis added). Thus, if the personal representative's position were adopted by the circuit court, James and Gary would be divested of their specific devise, and their dispositional interest in that property would be impaired by the outcome of this litigation.

*3) James's and Gary's Interests-Adequate Protection by Existing Parties*

[¶8.] The only dispute in this case is whether the personal representative would adequately represent James's and Gary's interests. At the conclusion of the hearing, the circuit court denied intervention reasoning that James's and Gary's interests would be adequately represented by the personal representative. The court reasoned:

> I think there's particularly a reason to deny the intervention in this case when . . . the proposed intervenors have no interests

> that are in any way different from the other heirs', no reason why the personal representative would not – in defending himself, would not – or defending the estate, would not represent all of the heirs who have the same interests. These proposed intervenors have no interest any different than any of the other heirs.

The personal representative, however, aligned the Estate with the Muhlbauers' claim against the Estate by agreeing that the original property sale to Muhlbauers should be confirmed. This position was directly at odds with James's and Gary's interests.

[¶9.] Although we have not had occasion to consider such conflicts, the issue of a beneficiary's right to intervene when the beneficiary's interests are adverse to those of the personal representative has been considered in both Colorado and Montana under similar versions of Rule 24. Those courts apply the rule adopted by the circuit court that, generally, in representative litigation, the personal representative is entitled to represent the estate without intervention by beneficiaries even if the beneficiaries have some disagreement with the personal representative's decisions. Those courts, however, also recognize an exception. Both courts explained that on some occasions, compelling circumstances may make representative litigation by the personal representative inadequate to represent the interests of all beneficiaries. The Montana Supreme Court, referring to a Colorado case, identified the circumstances under which the general rule and the exception apply:

> This . . . problem was addressed in the recent Colorado case of In the Matter of the Estate of Scott. There, heirs of the decedent attempted to intervene, in order to appeal from an adverse ruling on a claim defended by the administrator. In denying intervention, the Colorado Court said:

> We noted . . . that there are substantial problems with basing the right to intervene upon various questions as to how or in what manner a law suit should be prosecuted. When the law created a mechanism whereby one person as a representative of a group could conduct litigation, the purpose was the efficient, speedy, and orderly determination of rights which were held in common. For the courts to grant intervention to any member of a represented class who disagrees with the decisions of the representative, solely on that basis, would in our view defeat the entire purpose of representative litigation. A personal representative, under such a rule, would always be in danger of losing the ability to represent and act for the estate and might well find himself relegated to a position of looking on as the affairs of the estate became hopelessly entangled. It seems hardly likely that the General Assembly when it clothed the personal representative with far reaching affirmative powers, could have intended for his position to be so fragile.

Montana *ex rel.* Palmer, 619 P2d 1201, 1203-04 (Mont 1980) (quoting *Estate of Scott,* 577 P2d 311, 313 (Colo 1978)) (internal citations omitted) (emphasis added).

> That court went on to say that in determining adequacy of representation under Rule 24(a), the court will look to see if "there is a party charged by law with representing (the absent party's) interest. (If so,) *then a compelling showing would be required to show why this representation is not adequate.*"

*Id.* As the *Scott* court further explained, although the general rule involves a presumption that the personal representative will adequately represent the group in discretionary matters (including matters such as trial strategy), the focus of the analysis should ultimately depend on identity of interests. *Scott,* 577 P2d at 313-14. When the representative is unable to adequately represent all the group members because of a "divergence of interests . . . which in and of itself cast doubt

upon the adequacy of the representation," the exception may apply. *Id.* at 313. We agree with this analysis.

[¶10.]	In this case, it is apparent that the personal representative cannot adequately represent the totally divergent interests of the personal representative who desires to sell the property and those beneficiaries who contend that the will does not authorize the personal representative to sell the property. While James and Gary continue to object to confirmation of the sale that was voided in *Olson I*, the personal representative seeks to have the sale confirmed. Indeed, the personal representative answered the Muhlbauers' complaint, specifically admitting that the sale should be confirmed. That answer provided, in part:

> 6. [Estate] admits that part of paragraph 10 stating that the court should confirm the sale.
>
> 7. [Muhlbauers] are recipients of a personal representative's deed and are good faith purchasers for value under SDCL 29A-3-714 and as such should have clear title to the property in question and thus have no damages. . . .
>
> WHEREFORE, [Estate] prays for Judgment as follows:
>
> 1. That the Court find [Muhlbauers] are good faith purchasers for value under SDCL 29A-3-714 and as such, are entitled to keep title to the real property in question[.]

[¶11.]	This divergence of interests was compounded by the fact that James and Gary had petitioned to remove Wayne as the personal representative. Furthermore, Wayne was potentially liable to both the specific devisees and the Muhlbauers as a result of the initial voided sale to the Muhlbauers. *See* SDCL 29A-

3-712.[3] Although we express no opinion as to the validity of such claims, we note that confirmation of the sale in this proceeding could favorably affect the personal representative's liability while adversely affecting James's and Gary's dispositional interest.

[¶12.] Considering these circumstances, a compelling showing was made that James's and Gary's interests were sufficiently divergent from that of the personal representative to permit intervention as a matter of right under SDCL 15-6-24(a)(2).[4] We adopt this exception to the general rule of representative representation and reverse the circuit court's denial of the motion to intervene.

*Attorney's Fees*

[¶13.] The personal representative has moved for appellate attorney's fees. Because the Estate has not prevailed, the motion is denied.

[¶14.] Reversed and remanded for further proceedings consistent with this opinion.

[¶15.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.

---

3. SDCL 29A-3-712 provides:

> If the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from breach of fiduciary duty. The rights of purchasers and others dealing with a personal representative shall be determined as provided in §§ 29A-3-713 and 29A-3-714.

4. Because James and Gary are entitled to intervention as a matter of right pursuant to SDCL 15-6-24(a)(2), we do not address their claims under SDCL 15-6-24(b).