GILBERTSON, Chief Justice.
[¶ 1.] The personal representative of an estate sold real property that had been specifically devised to several heirs. This *447 Court ruled in a previous appeal that the personal representative lacked the authority to sell the property. We remanded the case to allow the buyers of the real property to intervene to protect their interests. After remand, the buyers filed suit against the estate. The heirs who objected to the sale intervened. The buyers moved for summary judgment, which the trial court granted. The intervening heirs appeal. We affirm.
FACTS
[¶ 2.] The underlying facts can be found in In re Estate of Olson (Olson I), 2008 S.D. 4, 744 N.W.2d 555, and In re Olson (Olson II), 2008 S.D. 126, 759 N.W.2d 315. The facts are not disputed. Consequently, they are only briefly recited now. Glenn Olson died testate in 2002. Wayne Olson was appointed personal representative of Glenn’s estate (Estate). In the will, Glenn specifically devised his real estate to James Olson and six other nieces and nephews. The Estate was informally probated in accordance with the Uniform Probate Code. Without notice to the heirs in violation of SDCL 29A-3-715(b), Wayne sold part of the specifically devised real property at public auction to Jared and Luke Muhlbauer. The purchase agreement did not indicate that court approval of the sale was needed. At the time of the sale, Wayne held letters of administration. Two to three months after closing, Muhl-bauers were informed that some of the heirs questioned the sale of the land they had bought at auction.
[¶ 3.] James objected to the confirmation of the sale to the Muhlbauers. Jared Muhlbauer was asked to testify at the hearing confirming the sale. Despite James’ objection, the trial court confirmed the sale. The objecting heirs appealed. Muhlbauers were not informed of the appeal confirming the sale until after our decision was issued. On appeal, this Court determined that Wayne lacked the power to sell the specifically devised land and “reverse[d] the trial court order confirming the sale of specifically devised real estate and remand[ed] for further proceedings!;.]” Olson I, 2008 S.D. 4, ¶29, 744 N.W.2d at 564. This Court also instructed that on remand the third-party purchaser would have “the opportunity to intervene to protect his or her interests.” Id.
[¶ 4.] “Following remand, Muhlbauers intervened and filed a claim against the Estate seeking to confirm the sale that this Court had previously voided. In the alternative, Muhlbauers asserted a damage claim that they contended would arise if the sale were not confirmed.” Olson II, 2008 S.D. 126, ¶ 2, 759 N.W.2d at 317. James and another heir, Gary Olson (collectively Heirs), moved to intervene in the proceedings. Id. ¶ 3, 759 N.W.2d at 317-18. The trial court denied their motion to intervene, but this Court reversed that decision on appeal, and remanded to allow the heirs to intervene. Id. ¶ 12, 759 N.W.2d at 321.
[¶ 5.] On remand, Muhlbauers filed a motion for summary judgment. Heirs filed a motion for partial summary judgment. The Estate then filed a response to the cross-motions for summary judgment, agreeing that summary judgment was appropriate but declining to advocate for either side.[1] The trial court granted summary judgment in favor of Muhlbauers, stating that “[bjecause there is no factual dispute that the Muhlbauers were good faith purchasers for value from the Estate *448 and that they had no knowledge of the Personal Representative’s lack of authority to sell, the Muhlbauers are protected by SDCL 29A-3-714 as a matter of law.”
[¶ 6.] On appeal, the issue presented is: Whether, under the facts of this case, Muhlbauers were good faith purchasers for value of specifically devised land protected by SDCL 29A-3-714.
STANDARD OF REVIEW
[¶ 7.] This Court’s standard of review of a grant or denial of a motion for summary judgment is well settled.
In reviewing a grant or a denial of summary judgment under SDCL 15 — 6—56(c), we determine whether the moving party has demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. In considering a trial court’s grant or denial of summary judgment, this Court will affirm only if all legal questions have been decided correctly.
Bertelsen v. Allstate Ins. Co., 2011 S.D. 13, ¶ 15, 796 N.W.2d 685, 692-93 (internal citations omitted).
ANALYSIS
[¶ 8.] Heirs argue that Olson I determined that the sale to Muhlbauers was void, specifically relying on our language that “[t]he sale should have been voided as the personal representative did not have authority to sell the specifically devised property!)]” Olson I, 2008 S.D. 4, ¶ 28, 744 N.W.2d at 563. Because the property vested in the Heirs at the time of Glenn’s death, the Estate did not have an interest in the land that the personal representative could sell. Id. ¶ 15, 744 N.W.2d at 560. Heirs assert that Olson I contemplated a remedy for Muhlbauers directly against the personal representative, not the confirmation of the sale. Muhlbauers respond that Olson I did not determine their title to the land because it “determined the rights of the personal representative vis-á-vis the heirs, not the rights of the Muhlbauers as innocent third party purchasers for value.” They point out that this Court remanded precisely to allow Muhlbauers an opportunity to assert their rights. Muhlbauers contend that a sale can be void in one context and valid in another. See, e.g., Hauck v. Crawford, 75 S.D. 202, 62 N.W.2d 92 (1953) (discussing void versus voidable title).
[¶ 9.] The trial court found that this “Court recognized the lack of an indispensable party [the Muhlbauers] to afford the complete relief sought by the Heirs and remanded the matter back to the trial court to permit the Muhlbauers to intervene and hold further proceedings consistent with Olson I.” The trial court framed the issue it was addressing on remand as whether the “sale is void as to the Muhl-bauers as third party purchasers[.]” In other words, the trial court did not read Olson I as determining any of Muhlbauers’ rights.
[¶ 10.] Today, we affirm on more narrow grounds. At the time Muhlbauers purchased the property at auction, the law was not clear as to whether a personal representative possessed the power to sell specifically devised land when the power of sale was not contained in the will and the sale was not necessary to pay estate debts; that was the subject of Olson I. 2008 S.D. 4, ¶ 9, 744 N.W.2d at 559. This Court extensively reviewed our Territorial Probate Code, the effect of the enactment of the Uniform Probate Code, and case law regarding the power of personal representatives to sell property. See id. ¶¶ 11-29, 744 N.W.2d at 559-64. This Court held that “the personal representative did not have authority to sell the specifically devised property[.]” Id. ¶ 28, 744 N.W.2d at *449 568. Muhlbauers could not have known the outcome of Olson I at the time they purchased the property.
[¶ 11.] Muhlbauers seek the protection of SDCL 29A-3-714, which provides:
A person who in good faith either assists a personal representative or deals with a personal representative for value is protected as if the personal representative was properly authorized to act. The fact that a person deals with a personal representative with knowledge of the representative capacity does not alone require the person to inquire into the existence of a power or the propriety of its exercise. Except for restrictions on powers of supervised personal representatives which are endorsed on letters as provided in § 29A-3-504, no provision in any will or order of court purporting to limit the power of a personal representative is effective except as to persons with actual knowledge thereof. A person is not bound to see to the proper application of estate assets paid or delivered to a personal representative. The protection here expressed extends to instances in which some procedural irregularity or jurisdictional defect occurred in proceedings leading to the issuance of letters, including a case in which an alleged decedent is found to be alive.
[¶ 12.] In order to be protected by SDCL 29A-3-714, Muhlbauers must be good faith purchasers for value. We conclude they are good faith purchasers for value for two reasons. First, as discussed above, Muhlbauers could not have known the outcome of Olson I at the time they purchased the property. Second, since its beginnings, this Court has viewed “a definition sometimes given of ‘good faith’ ... [as] ‘without notice.’ ” Hawke v. Deffenbach, 4 Dak. 20, 22 N.W. 480, 490 (1885), aff'd, 115 U.S. 392, 6 S.Ct. 95, 29 L.Ed. 423 (1885). At the time of the purchase, Muhl-bauers did not have notice of the Heirs’ interest in the land or the law at issue in Olson I. Based on this lack of notice and the unique facts of this case, we conclude that Muhlbauers were good faith purchasers for value. As such, Muhlbauers are protected by SDCL 29A-3-714.
[¶ 13.] Muhlbauers contend that title must vest in them under SDCL 29A-3-714, “[o]therwise every purchaser of any asset from an estate ... will demand a court order approving the sale, thereby inundating the circuit courts with unnecessary probate pleadings.” Heirs respond that SDCL 29A-3-714 states that “the protection here expressed extends to instances in which some procedural irregularity or jurisdictional defect occurred in proceedings leading to the issuance of letters[.]” Consequently, Heirs argue that SDCL 29A-3-714 does not protect Muhl-bauers because there was not a procedural or jurisdictional defect. Instead, the personal representative sold property that he did not have authority to sell.[2]
*450 [¶ 14.] SDCL 29A-3-714 protects persons who deal in good faith with a personal representative for value as if the personal representative was properly authorized to act. Because there is no factual dispute that Muhlbauers are good faith purchasers for value and had no knowledge that the personal representative lacked the authority to sell the land, Muhlbauers are entitled to summary judgment confirming the deed under SDCL 29A-3-714.
CONCLUSION
[¶ 15.] We affirm because at the time Muhlbauers purchased the land, Olson I had not been decided, and as a result, they could not have known that the personal representative lacked the authority to sell them the land. Muhlbauers were good faith purchasers for value, and therefore, protected by SDCL 29A-3-714. We leave for a future case the more general issue of the status of those who purchased real property under similar circumstances after Olson I.
[¶ 16.] MEIERHENRY, Retired Justice, concurs.
[¶ 17.] KONENKAMP, ZINTER, and SEVERSON, Justices, concur in result.

. The Estate of Wayne Olson, the personal representative for Glenn Olson’s estate, is not a party to this action.

. Muhlbauers argue that "when a personal representative sells land improperly, the beneficiaries have a remedy against the defaulting fiduciary under SDCL 29A-3-712, but not against the innocent third parties who dealt with the personal representative in good faith.” Heirs respond that Muhlbauers have a remedy against the personal representative for damages under the same statute. SDCL 29A-3-712 provides: "If the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from breach of fiduciary duty. The rights of purchasers and others dealing with a personal representative shall be determined as provided in §§ 29A-3-713 and 29A-3-714.” Neither the Muhlbauers nor the Heirs were granted relief under SDCL 29A-3-712. Whether either party is entitled to relief is not an issue on appeal at this time.