530 P.2d 1285 (1974)
Mary Ann HOWLETT, surviving spouse of Decedent, Louis U. Howlett, Plaintiff,
v.
David GREENBERG, Defendant-Appellee, Lynn Gonzales (nee Howlett), Conservatrix of the Estate of Terry Lu Howlett, a mental incompetent, and Lynn Gonzales (nee Howlett), Individually, Intervenors-Appellants. Lynn GONZALES (nee Howlett), Conservatrix of the Estate of Terry Lu Howlett, a mental incompetent, and Lynn Gonzales, (nee Howlett), Individually, Plaintiffs-Appellants,
v.
David GREENBERG, Defendant-Appellee.
Nos. 72-224, 73-327.
Colorado Court of Appeals, Div. I.
September 10, 1974.
Rehearing Denied November 19, 1974.
Certiorari Granted February 3, 1975.
*1287 Hochstadt & Straw, Jordan Hochstadt, Denver, for intervenors-appellants.
Friedman, Bader & Dufty, Charles A. Griedman, Denver, for plaintiffs-appellants.
Warren B. Bosch, Robert W. Hansen, Denver, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
Lynn Gonzales, individually, and as conservatrix of the estate of Terry Lu Howlett, a mental incompetent, brings this consolidated appeal as intervenor in No. 72-224 and as plaintiff in No. 73-327. The individual appeals arise from a denial of a motion to intervene in No. 72-224 and from the granting of defendant David Greenberg's motion for summary judgment in No. 73-327.
The facts are briefly as follows: On May 19, 1970, Louis U. Howlett died as a result of the alleged negligence of the defendant, David Greenberg. He was survived by his spouse, Mary Ann Howlett, a non-participating plaintiff herein, and two children by a previous marriage, Lynn Ann Gonzales and Terry Lu Howlett. Pursuant to C.R.S. 1963, 41-1-1, Mary Ann Howlett filed a wrongful death action against David Greenberg and others in the District Court of Jefferson County. On March 10, 1972, a jury returned a verdict in that action in favor of defendant David Greenberg and final judgment was entered thereon.
Plaintiff Mary Ann Howlett thereafter refused to appeal that judgment. Thereupon, Lynn Gonzales, for herself and for her ward Terry Lu Howlett, filed a motion to intervene for the purpose of taking an appeal. The trial court denied the motion, which denial was the subject of appeal No. 72-224.
Appellants Lynn Gonzales and Terry Lu Howlett then commenced a separate suit against defendant in the Denver district court, alleging essentially the same cause of action as in the Jefferson County civil action initiated by Mary Ann Howlett. Subsequently, appellants filed a motion to amend their complaint which was granted, adding an additional claim which asserted breach of contract arising out of alleged settlement negotiations with defendant. Defendant then filed and was granted a motion for summary judgment as to all the claims. In granting the summary judgment, the trial court held that all issues of negligence were barred by the doctrines of res judicata and collateral estoppel, and that, as to the contract claim, since appellants had not tendered any consideration to defendant, the appellants had not made a prima facie case.
Consolidation of these two cases presents two questions to be resolved upon review:
(1) Does a decedent's surviving spouse who commences a timely wrongful death action pursuant to C.R.S. 1963, 41-1-1, have the sole and exclusive control of the lawsuit such that decedent's children, as heirs at law, cannot intervene to appeal an adverse judgment entered against the surviving spouse?
(2) Was appellants' claim alleging breach of a settlement contract between the appellants and defendant properly dismissed by the trial court?

Intervention In the Wrongful Death Action
C.R.S. 1963, 41-1-1, provides that a surviving spouse shall have the right, to the exclusion of all others, to bring an action against the defendant for the wrongful death of the deceased spouse for a period of one year from the date of death; and that the right of any children of decedent to bring an action is wholly dependent upon the fact that there either be no spouse surviving, or that he or she shall have elected not to sue within the statutory one year period. Hindry v. Holt, 24 Colo. 464, 51 P. 1002. The statute also provides that heirs at law have a proprietary interest in the judgment resulting from the lawsuit *1288 in accordance with the applicable rules of descent and distribution. Clint v. Stolworthy, 144 Colo. 597, 357 P.2d 649. Heirs at law, as that term is used in C.R.S. 1963, 41-1-1(2), has been construed to mean lineal descendants, Hindry v. Holt, supra, and thus in the instant suit, appellants, as children of the deceased, would have a one-half share in the judgment of the surviving spouse.
Appellants urge that to place the lawsuit within the exclusive control of the spouse, allowing her to waive the right to appellate review, would compromise their proprietary interest in the judgment. Appellee, on the other hand, cites authority from the state of Missouri, construing a wrongful death statute[1] similar to Colorado, which placed the sole control of the lawsuit exclusively with the electing spouse. The rationale underlying this line of cases is that the legislative intent of the statute giving the spouse the exclusive right to sue within the statutory period implies that the spouse has the sole control of all elements of all elements of the litigation. Spencer v. Bradley, 351 S.W.2d 202 (Mo.). Other authority points out that intervention by the heirs at law would open the spouse's lawsuit to diversity opinion and conflicts among the litigants on various questions of how the lawsuit should be prosecuted. See State v. District Court, 139 Mont. 367, 364 P.2d 739.
We agree with the line of authority which holds that to allow all parties whose interests are represented by the surviving spouse an automatic right of intervention in pending litigation would be contrary to the intent of the statute vesting the surviving spouse with the exclusive right to sue, and would result in confusion and controversy in litigating a wrongful death action. However, we disagree with the appellee's contention that, under the circumstances of this case, the surviving spouse has the exclusive control of the lawsuit.
C.R.S. 1963, 41-1-1, authorizes the surviving spouse to sue in his or her own name without joining the decedent's children, who are, under subsection (2) of the statute, real parties in interest. See C.R.C.P. 17(a). Implicit in the statute is a presumption that the surviving spouse will make a good faith effort to represent adequately the rights of all decedent's children, regardless of whether the surviving spouse is their natural parent. While we are in basic agreement with this presumption, there has been no showing that the legislature intended the presumption to grant exclusive control of the litigation to the spouse where there is a showing of inadequate representation of the children's rights.
C.R.C.P. 24(a) states:
"Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
The question of adequacy of representation is a potential issue in every case arising under C.R.C.P. 24(a)(2), including those based upon a property interest in the judgment rendered by the court, where the applicant is making no claim of his own but is seeking to assert essentially the same position as that of one who is already a party and who is prescribed by statute to represent him.
Colorado follows the rule that an applicant for intervention of right under C.R.C.P. 24(a)(2) must show both, that the representation of his interest by existing parties is or might be inadequate and that the applicant is or might be bound by the judgment in action.[2] Neither element, *1289 standing alone, is sufficient. If either element is missing there is no absolute right of intervention. Denver Chapter of Colo. Motel Ass'n v. City and County of Denver, 150 Colo. 524, 374 P.2d 494. See also Roosevelt v. Beau Monde Co., 152 Colo. 567, 384 P.2d 96.
We hold that where the surviving spouse sues under C.R.S. 1963, 41-1-1, and subsequent thereto elects to abandon the litigation against the wishes of the other heirs at law, they are entitled to intervene pursuant to C.R.C.P. 24(a)(2) for the purpose of continuing the litigation.

Denver District Court Action
In their consolidated appeal, appellants have also appealed from the judgment of the Denver district court dismissing their wrongful death claims against defendant. The district court held that the doctrine of res judicata, asserted as collateral estoppel, bars the appellants from bringing a second action against defendant. We affirm, but on a different basis. This cause of action was properly dismissed because the spouse, having elected to sue pursuant to C.R.S. 1963, 41-1-1, preempts the heirs at law from ever bringing a subsequent action. Hindry v. Holt, supra.
The appellants amended their complaint in the Denver County civil action to include an additional claim alleging breach of contract. This claim arose out of an alleged settlement contract between appellants and defendant relating to the Jefferson County civil action which was negotiated after notice of the appeal on the motion to intervene was filed. The trial court dismissed this claim by granting defendant's motion for summary judgment, holding that appellants did not tender any consideration for the contract because they did not have a right to intervene in the Jefferson County civil action. The trial court reached the right result for the wrong reason.
The settlement contract that appellants and defendant entered into was bilateral in nature and contained mutual promises. That is, each party was under a legal duty to the other; each had made a promise and each was an obligor. See 1 A. Corbin, Contracts § 152. When the obligations of a contract are mutual and concurrent, so long as neither party performs, neither can be in default. Hoagland v. Murray, 53 Colo. 50, 123 P. 664; and Kepler v. Burns, 137 Colo. 329, 324 P.2d 785. In the instant case, appellants, having pursued the present appeal, have not performed their contractual obligation. Thus, the trial court properly granted defendant's motion for summary judgment.
We affirm the dismissal of the Denver district court action. We reverse the order of the district court of Jefferson County denying intervention. Intervenor-appellant has previously filed in the trial court a timely motion for new trial and motion for judgment N.O.V. which have been denied. She has also filed a timely notice of appeal in the trial court and has caused to be certified to this court the entire record below. We are of the opinion that no good purpose would be served by remanding the case to the trial court and it is therefore ordered that intervenor-appellant be permitted to intervene herein. It is further ordered that pursuant to C.A.R. 31 briefs shall be filed by the parties directed to the merits of the appeal. The time for filing of such briefs shall commence on the date that the mandate issues pursuant to this opinion.
PIERCE and RULAND, JJ., concur.
NOTES
[1] 37 V.A.M.S. § 537.070 [Repealed. Laws 1955, 778 § 1. Subject matter now covered by § 537.080].
[2] See Dillon Companies, Inc. v. City of Boulder, Colo., 515 P.2d 627, for a full enumeration of the tests applied in determining intervention as of right under C.R.C.P. 24.