577 P.2d 311 (1978)
In the Matter of the ESTATE of Mattie Ethel SCOTT, aka Ethel Scott, Deceased.
W. E. SCOTT and Bernice Scott, Claimants-Appellees,
v.
Nelda SMITH, Ruth E. Workman, Marilyn E. Workman, Helen L. Kelley, Raissa A. Todd, Richard B. Cornwell, Carol J. Fortune, and Charlotte Decker, the children of Wilma S. Cornwell, Intervenors-Appellants.
No. 77-215.
Colorado Court of Appeals, Division I.
January 26, 1978.
As Modified On Denial of Rehearing February 9, 1978.
Certiorari Denied April 17, 1978.
*312 Kreidler, Durham, Rosentrater & Moxley, Gary L. Rosentrater, Montrose, for claimants-appellees.
Woodrow, Roushar, Weaver & Withers, Frank J. Woodrow, Montrose, for intervenors-appellants.
SMITH, Judge.
Appellants, heirs at law in the estate of Mattie E. Scott, appeal the denial of their motion to intervene in that estate for the purpose of prosecuting an appeal from an adverse ruling on a claim. We affirm the denial of their motion.
When Mattie E. Scott died intestate in 1975, she was survived by a daughter, Nellie L. Neil, two sons, William E. (W. E.) Scott and Winfield A. Scott, and by the appellants-intervenors, children of Wilma L. Cornwell, a deceased daughter. Letters of administration were issued to Winfield A. Scott.
Subsequently, William filed a claim against the mother's estate in the amount of $100,000, for work he allegedly performed in her cattle ranching operation prior to her death. His brother Winfield, as administrator, responded with a notice of disallowance, and the claim was set for hearing in the probate court. At the conclusion of that hearing, the court approved William's claim to the extent of $60,000. Winfield did not appeal that decision.
This decision not to appeal caused the appellants to file a motion to intervene in the estate proceeding under C.R.C.P.24(a)(2). In their motion, they asserted that their interests in the estate were in jeopardy, and were no longer being adequately represented by Winfield, and they sought intervention in order to perfect an appeal from the allowance of William's claim. The court denied their motion concluding that the representation of Winfield had been adequate.
The appellants here assert that Winfield's refusal to appeal the court's allowance of the contested claim constitutes inadequate representation. They premise their assertion upon the theory that the probate court's allowance of the claim would be reversed on appeal, because there had been no express contract between Mattie and William for his services, and upon the well-established rule that the law will not imply a contract between a mother and son based solely upon the fact that personal services were performed.
Under C.R.C.P. 24(a)(2), a party may intervene as a matter of right if he:
"claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
All three elements of the rulea property interest, an impairment of the ability to protect it, and adequate representationmust be present before a right to intervene arises. Dillon Companies, Inc. v. Boulder, 183 Colo. 117, 515 P.2d 627 (1973).
Here, the property interests of the appellants to share in the intestate estate is readily apparent, as is the impairment of their ability, should they be denied intervention, to influence directly the preservation of those property interests. Accordingly, the dispositive question is whether the failure of the personal representative to appeal a ruling sustaining a claim against the estate constituted inadequate representation.
There are no Colorado cases which settle this issue. In Howlett v. Greenberg, 34 Colo.App. 356, 530 P.2d 1285 (1974), intervention was permitted as a matter of right in a wrongful death action where the surviving spouse refused to appeal from an adverse ruling. However, in that case as in other cases where intervention was at issue, Allison v. People in re Adamson, 132 Colo. *313 156, 286 P.2d 1102 (1955); Dillon Companies, Inc., supra, there was a divergence of interests between the party prosecuting the action, and the prospective intervenors, which in and of itself cast serious doubt upon the adequacy of the representation. Here, the interest of the personal representative and the intervenor heirs in preserving the assets of the estate are not divergent, and it is only the judgment of the personal representative in deciding not to prosecute what may have been a successful appeal that is asserted as inadequate representation.
We noted in Howlett v. Greenberg, supra, that there are substantial problems with basing the right to intervene upon various questions as to how or in what manner a law suit should be prosecuted. When the law created a mechanism whereby one person as a representative of a group could conduct litigation, the purpose was the efficient, speedy, and orderly determination of rights which were held in common. For the courts to grant intervention to any member of a represented class who disagrees with the decisions of the representative, solely on that basis, would in our view defeat the entire purpose of representative litigation. A personal representative, under such a rule, would always be in danger of losing the ability to represent and act for the estate and might well find himself relegated to a position of looking on as the affairs of the estate became hopelessly entangled. It seems hardly likely that the General Assembly when it clothed the personal representative with far reaching affirmative powers, could have intended for his position to be so fragile. See § 15-12-701, C.R.S.1973, et seq.
Federal decisions have dealt extensively with this problem in construing Fed.R.Civ.P. 24, which is substantially identical to the rule here in question. Reference to these cases for guidance is entirely appropriate. See Roosevelt v. Beau Monde Co., 152 Colo. 567, 384 P.2d 96 (1963). Federal courts have generally held that the most important inquiry in determining the adequacy of representation does not involve an analysis of the courtroom strategy of the representative, but rather is concerned with:
"How the interest of the absentee compares with the interest of the present parties [the representatives]. If [the absentee's] interest is identical to that of the remaining parties, or if there is a party charged by law with representing his interests, then a compelling showing would be required to show why this representation is not adequate."
7A C. Wright & A. Miller, Federal Practice & Procedure § 1909 (1972); see cases cited, Wright, supra, at § 1909. Thus, viewing "adequacy of representation" as a function of the identity of interests of the parties, the individual decisions of whether to pursue appeals are normally considered to be discretionary matters for the representatives. The usual standard relative to the use of discretion therefore has been applied. Spangler v. Pasadena City Board of Education, 427 F.2d 1352 (9th Cir. 1970); Alleghany Corp. v. Kirby, 344 F.2d 571 (2d Cir. 1965).
The presumption that representation is adequate because of an identity of interests can be overcome by evidence of bad faith, collusion, or negligence on the part of the representative. See Alleghany, supra. Similarly, a showing that the representative stands alone in his opinions about how the litigation should be conducted may be evidence of a divergence of interests between the representative and those he represents. See generally, Howlett, supra. It may therefore be evidence of inadequacy.
Because we feel that the "identity of interests" approach is generally more compatible with the theory of representative lawsuits, we believe it should be used as the primary test in the case before us. Here, there is no assertion that Winfield colluded with his brother William, or that he was guilty of bad faith. His interests coincided very closely with those of the other heirs. As an administrator, Winfield was charged by statute with the duty of acting in the best interests of the successors to the estate. Section 15-12-703(1), C.R.S.1973. As *314 an individual, his share in the portion of the estate which would pass under the intestacy law would likely be identical with that of the appellants as a group. See § 15-11-103 (1973); § 15-11-106 (1973). We note also that Nellie Neal, the other heir, has not raised any claim of inadequate representation based upon her brother's decision not to appeal.
The representation by Winfield Scott in this case was adequate and the motion for intervention was properly denied.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.