ROSE MARIE REIFSCHNEIDER, APPELLANT, V. NEBRASKA METHODIST HOSPITAL, A CORPORATION, APPELLEE.
321 N.W.2d 445

Filed July 2, 1982. No. 44304.

Cynthia G. Irmer of Matthews, Cannon & Riedmann, for appellant.

Gerald P. Laughlin and Jonathan R. Breuning of Baird, Holm, McEachen, Pedersen & Hamann, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

The plaintiff, Rose Marie Reifschneider, appeals from an order of the trial court granting the defendant's motion for summary judgment and dismissing the plaintiff's petition.

The plaintiff filed this action in contract against the defendant, Nebraska Methodist Hospital, alleging that on April 4, 1977, the plaintiff entered the defendant's hospital as an emergency patient, suffering from convulsions and faintness. The amended petition alleged that the plaintiff was placed on a rolling stretcher by employees of the defendant and left unattended, whereupon she fell from the cart and suffered severe injuries to her face and jaw. It further alleged that the plaintiff and her father, acting as her agent, made an oral agreement with the defendant's managing officer that the defendant would pay all of the plaintiff's expenses associated with her injuries in exchange for the plaintiff's refraining from suing the defendant for damages.

The amended petition further alleged that the de-

fendant performed its part of the agreement until July 1978, when it orally repudiated the alleged agreement. The plaintiff then commenced this action, demanding specific performance of the settlement agreement. On May 1, 1980, the plaintiff brought a separate action in tort against the defendant and others, seeking damages because of the injuries suffered in the fall.

The defendant's amended answer alleged the filing of the damage action as a defense to the specific performance suit. In its motion for summary judgment, the defendant argued that by filing the damage action the plaintiff abandoned the settlement agreement and caused a failure of consideration on her part, since the only consideration for the settlement agreement consisted of her refraining from suing the defendant in tort for damages. The petition filed in the damage action was made a part of the motion for summary judgment. The trial court sustained the motion for summary judgment, finding as a matter of law that the plaintiff had abandoned the settlement agreement by filing the damage action. The plaintiff's motion for new trial was overruled and this appeal followed. We affirm.

Summary judgment is a proper remedy "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Neb. Rev. Stat. § 25-1332 (Reissue 1979); *Manzer v. Pentico,* 209 Neb. 364, 307 N.W.2d 812 (1981).

In the present case the plaintiff's petition sought specific performance of the alleged settlement agreement. "A party seeking specific performance must show his right to the relief sought, including proof that he is ready, able, and willing to perform his obligations under the contract. . . . The right to specific performance may be lost by abandonment

of the contract and by conduct inconsistent with the right to relief." *James J. Parks Co. v. Lakin,* 206 Neb. 184, 188, 292 N.W.2d 21, 24 (1980). Thus, if the pleadings and evidence received at the hearing on the motion for summary judgment demonstrate that the plaintiff was not in a position to perform her obligation under the settlement agreement, the trial court was correct in granting the defendant's motion for summary judgment.

If the plaintiff abandoned the settlement agreement, she lost any right to specific performance. *James J. Parks Co., supra.* " 'An abandonment of a contract may be effected by acts of one of the parties thereto, which are inconsistent with its existence and acquiesced in by the other party.' " *Nelson v. Cross,* 152 Neb. 197, 203, 40 N.W.2d 663, 666 (1950). " 'The abandonment of a contract is a matter of intention to be ascertained from the facts and circumstances surrounding the transaction from which the abandonment is claimed to have resulted. An abandonment of a contract need not be express but may be inferred from the conduct of the parties and the attendant circumstances.' " *Davco Realty Co. v. Picnic Foods, Inc.,* 198 Neb. 193, 199, 252 N.W.2d 142, 147 (1977).

The plaintiff argues that abandonment of a contract is a question of fact and it was error for the trial court to decide that issue as a matter of law. However, the only evidence presented at the hearing on the motion for summary judgment consisted of certified copies of two of the petitions in the tort action. As noted in *Bafico v. Southern Pacific,* 244 Or. 341, 345, 417 P.2d 392, 394 (1966), "plaintiff's right to sue the defendant upon the alleged [settlement] agreement . . . is available only upon the precedent condition that he refrain from maintaining an action against the defendant upon the claimed tort liability. Such restraint provided the sole consideration for the claimed promise to pay and when plaintiff no

longer withheld action on the claimed tort liability, the consideration failed and the alleged covenant became a nullity. When he instituted the tort action he effectively abandoned the compromise agreement." *Levy v. Massachusetts Accident Co.,* 124 N.J. Eq. 420, 431, 2 A.2d 341, 347 (1938), states: "Obviously the contract cannot, at one and the same time, be both in force and not in force. The wronged party has the *right* to choose which it shall be, but he also has the corresponding *duty* of making such choice . . . . Where the wronged party has elected to terminate the contract, he cannot subsequently maintain a suit for specific performance thereof." (Emphasis in original.) As to the matter of the plaintiff's intent to abandon the contract, "we must judge the intent of the parties by what they did and said, rather than by some secret, undisclosed intention they may have had . . . ." *Brown v. Hughes,* 251 Iowa 444, 449, 99 N.W.2d 305, 308 (1959).

The pleadings and exhibits presented to the trial court on the motion for summary judgment demonstrated that the plaintiff had abandoned the settlement agreement and caused a failure of consideration for it by filing the damage action. The record sustains the trial court's finding of abandonment as a matter of law, and the summary judgment in favor of the defendant.

The judgment of the District Court is affirmed.

AFFIRMED.