**FRY AND CO., a Co-Partnership; Rose Marie Pomponio; Yolanda Pomponio and Felix Leonard Pomponio, Petitioners,**

v.

**The DISTRICT COURT In and For the COUNTY OF ADAMS and Abraham Bowling, one of the Judges thereof, and John Beaton, Jr. as Personal Representative of the Estate of Roxy Pomponio, Respondents.**

**No. 82SA344.**

Supreme Court of Colorado,
En Banc.

Nov. 15, 1982.

Robert J. Braswell, Donald L. Dill, Denver, for petitioners.

Lee Jay Belstock, Denver, Arthur L. Frazer, Lakewood, for John Beaton, Jr.

LOHR, Justice.

This original proceeding under C.A.R. 21 stems from an action for partition of real property brought by the personal representative of the estate of a decedent, Roxy Pomponio, seeking division of the property, by sale or in kind, among the cotenants. See sections 38–28–101 to –110, C.R.S.1973 (1982 Repl.Vol. 16A). On application of the petitioners, who were cotenants with Roxy Pomponio in four parcels of real property prior to his death, we issued a rule to show cause why all persons having interests in the real property under Pomponio's will should not be named as defendants or, upon failure to do so, why the complaint for partition should not be dismissed. We now hold that the estate devisees and beneficiaries are not indispensable parties in the partition action and so discharge the rule.

Roxy Pomponio died leaving an estate that consists in large part of interests in four parcels of Adams County real property held in cotenancy with various other persons, including petitioners Fry and Co., Rose Marie Pomponio, Yolanda Pomponio and Felix Leonard Pomponio. The decedent's will was admitted to probate, and John Beaton, Jr., was appointed as personal representative. Under the will, the decedent's interests in real property were part of his residuary estate, which was divided among a marital deduction trust, another testamentary trust, and certain named individual devisees. The will did not allocate specific real property among the various devisees.

The personal representative was unsuccessful in his efforts to obtain the agreement of the decedent's cotenants to a sale of the real property so that appropriate portions of the proceeds could be divided among the devisees. He then filed an action in Adams County District Court seeking partition of each of the four parcels by sale or in kind under sections 38–28–101 to –110, C.R.S.1973 (1982 Repl.Vol. 16A). In that action, he sought to have appropriate portions of each parcel, or of the proceeds of its sale, set aside for the benefit of the Roxy Pomponio estate but did not seek division of the property among the devisees. The defendants were all of Roxy Pomponio's cotenants in the four parcels of land but did not include all of the persons having interests in the real property under Pomponio's will. These latter persons consisted of the trustees of the two testamentary trusts, the beneficiaries of those trusts, and the individual devisees[1] (hereinafter, "estate beneficiaries").

All the defendants except Richard Allen Pomponio and Ronald Gary Pomponio moved to dismiss the complaint on the basis that the estate beneficiaries are indispens-

---

1. Rose Marie Pomponio, Richard Allen Pomponio and Ronald Gary Pomponio were named as defendants because of their interests in certain of the parcels not derived through the Roxy Pomponio estate. These persons may be the same persons as estate devisees Rose Pomponio, Richard A. Pomponio, and Ronald G. Pomponio. Other individual devisees clearly were not made parties in the partition action.

able parties and all have not been joined. After hearing argument, the trial court concluded that the plaintiff represented the interests of the estate beneficiaries and that consequently the beneficiaries were not indispensable parties. The moving parties (hereinafter, "petitioners") sought relief under C.A.R. 21 and we issued a rule to show cause. We are now persuaded that the trial court ruled correctly and that the rule should be discharged.

The petitioners ground their indispensability argument upon section 38–28–102, C.R.S.1973 (1982 Repl.Vol. 16A), the part of the partition statute that requires the joinder of all parties having any interest in the property sought to be partitioned. The respondents (the Adams County District Court, one of its judges, and the personal representative), on the other hand, rely on the extensive powers vested in a personal representative under the Colorado Probate Code, articles 10 to 17 of title 15, C.R.S.1973 (1982 Supp.); the Uniform Fiduciaries Law, part 1 of article 1 of title 15, C.R.S.1973 (1982 Supp.); and on C.R.C.P. 17(a) in support of the proposition that estate beneficiaries whose interests are represented by a personal representative need not be made parties in a partition action. The respondents claim that to require joinder of the estate beneficiaries in this case would undermine the principle of representation upon which the role of the personal representative is based under the Colorado Probate Code. In resolving these conflicting contentions we look first to our statutes and then to our cases for guidance.

■ The Colorado Probate Code imposes upon a personal representative the duty "to settle and distribute the estate of the decedent in accordance with the terms of any probated and effective will and [the Colorado Probate Code], and as expeditiously and efficiently as is consistent with the best interests of the estate." Section 15–12–703(1), C.R.S.1973. In order to facilitate the performance of this duty, personal representatives are vested with broad powers. *See In re Estate of Scott*, 40 Colo.App. 343, 346, 577 P.2d 311, 313 (1978) (the General Assembly cloaked personal representatives with "far reaching affirmative powers"). Such powers include the authority to bring suit in behalf of the estate beneficiaries, which results in a judgment binding upon them. Thus, except for proceedings that do not survive the death of a decedent, a personal representative "has the same standing to sue ... in the courts of this state ... as his decedent had immediately prior to death." Section 15–12–703(4), C.R.S.1973. He is given broad scope to manage, protect, and preserve the decedent's real property and "may maintain an action to recover possession of the property or to determine the title thereto." Section 15–12–709, C.R.S.1973 (1982 Supp.). He has "the same power over the title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate," and "[t]his power may be exercised without notice, hearing, or order of court." Section 15–12–711, C.R.S.1973. These powers are reinforced by the extensive specific powers vested in personal representatives as fiduciaries under the Colorado Fiduciaries' Powers Act. Section 15–12–715(1)(a), C.R.S.1973; sections 15–1–803 to –807, C.R.S.1973 (1982 Supp.). The only notice required to be given to the heirs and devisees under the statutory scheme is the notice of the appointment itself. Section 15–12–705, C.R.S.1973. The remedy for improper exercise of power by a personal representative is an action for damages for the resulting loss. Section 15–12–712, C.R.S.1973.

■ Absent contrary provisions in a decedent's will, not present here, a personal representative's broad statutory authority is fully adequate to support the initiation of a partition action where the estate assets include an undivided interest in real property. Our own court rules affirm the right of a personal representative to bring an action in his own name without joining the estate beneficiaries notwithstanding the requirement that in the usual case an action must be brought in the name of the real party in interest. C.R.C.P. 17(a) provides, in relevant part:

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, ... trustee of an express trust, ... may sue in his own name without joining with him the party for whose benefit the action is brought; . . .

The petitioners do not dispute the power and authority of the personal representative to bring a partition action.[2] They assert, however, that the General Assembly has specifically required that all persons interested in the real property under the decedent's will be joined as parties in a partition action. The source of this claimed requirement is in sections 38–28–101 and –102, C.R.S.1973 (1982 Repl.Vol. 16A), which provide:

Actions for the division and partition of real or personal property or interest therein may be maintained by any person having an interest in such property.

Section 38–28–101.

All persons having any interest, direct, beneficial, contingent, or otherwise, in such property shall be made parties.

Section 38–28–102. The petitioners contend that the general power of personal representatives to sue on behalf of the estate beneficiaries without naming them, and the parallel authorization to do so found in C.R.C.P. 17(a), must give way in the face of this explicit statutory directive. We do not so construe the partition statute.

There can be no doubt that the estate beneficiaries have interests in the property in question that fall within the broad statutory description of "any interest, direct, beneficial, contingent, or otherwise." See section 38–28–102. We have held that, upon the death of the owner, the title to real estate descends to his devisees and not to his personal representative. Fastenau v. Engel, 129 Colo. 440, 270 P.2d 1019 (1954); see Board of County Commissioners v. Denver, 193 Colo. 211, 565 P.2d 212 (1977).

In other cases, however, where a statute has ostensibly required action by a property owner, we have recognized as sufficient the action taken on behalf of that owner by an authorized representative. Thus, in Board of County Commissioners v. Denver, supra, where the statute required that an annexation petition be signed by the owner of the affected land, we recognized as adequate a petition signed by the executor of the estate through which the landowners derived title. And, in Elk-Rifle Water Co. v. Templeton, 173 Colo. 438, 484 P.2d 1211 (1971), where the procedure for the adjudication of a water right claim required a statement of claim signed by or on behalf of an owner, we upheld as sufficient a statement of claim signed by the trustee of an express trust even though the existence of the trust and the name of the beneficiary did not appear on the statement of claim. Relying on C.R.C.P. 17(a) we held that in absence of intent to defraud it was sufficient that the statement be filed by the person holding legal title, the trustee. See generally, Koch v. Story, 47 Colo. 335, 107 P. 1093 (1910); Denver v. Morrison, 88 Colo. 67, 291 P. 1023 (1930).

▆ We think it significant in the present case that the personal representative is not seeking to partition the interests of the estate beneficiaries among themselves. Nor is his interest in any way in conflict with those of the estate beneficiaries. Cf. In Re Estate of Scott, supra (in evaluating the adequacy of a personal representative's representation of heirs for the purpose of the heirs' motion to intervene under C.R.C.P. 24 to force an appeal of the allowance of a claim, it was important that the interests of the representative and the heirs in preserving the estate assets were not divergent). The personal representative is acting on behalf of all the estate beneficiaries to segregate their collective interests in the real property to be partitioned, or the proceeds of its sale, so that he can perform his statutory duty to settle and

---

2. The petitioners concede that the power of the personal representative to bring a partition action exists in this case because of the provisions of Roxy Pomponio's will. They argue

that the power is not to be found in the statutes. We disagree with that contention for reasons developed in the preceding paragraphs of this opinion.

distribute the estate expeditiously and efficiently. *See* section 15–12–703(1). Under these circumstances, the personal representative can be expected to protect fully the interests of all the estate beneficiaries. Therefore, we perceive no basis in policy to require that each beneficiary be joined to give him an opportunity to protect his position even though the judgment of partition will be binding on him.

■ We believe the partition statute and the Colorado Probate Code provisions with respect to personal representatives can be harmonized in a way that accomplishes the purposes of both statutes. It is our duty to construe statutes to avoid inconsistency if possible. *People v. James,* 178 Colo. 401, 497 P.2d 1256 (1972). The obvious intent of the joinder requirement in the partition statute is that all persons having interests in the real property be represented in the partition action so that they may protect their interests and be bound by the results. As we have seen, the Colorado Probate Code vests the personal representative with authority to represent all owners who derive their interests through the estate. We believe that to permit the personal representative to act on behalf of all estate beneficiaries in a partition action where the property of the decedent is not being divided among the beneficiaries themselves is consistent with the intent of the legislature in enacting the partition statute and furthers the purpose of the Colorado Probate Code in giving broad rights of representation to the personal representative. This result can be achieved by reading the Colorado Probate Code provisions with respect to personal representatives as supplementary to, and not in conflict with, the joinder requirements of the partition statute. Accordingly, we hold that the estate beneficiaries are not indispensable parties to the partition action commenced by the personal representative here.

The rule is discharged.