**W.D. TRIPP and Mining Services Exchange, Ltd., and Andrea S. Berger, Trustee in Bankruptcy, Plaintiffs–Appellees,**

**v.**

**Viola Joan PARGA, Defendant–Appellant.**

**No. 91CA0335.**

Colorado Court of Appeals,
Div. I.

Aug. 13, 1992.

Rehearing Denied Sept. 10, 1992.

Certiorari Denied March 8, 1993.

Butler, Landrum & Pierce, P.C., Robert G. Pierce, Lakewood, for plaintiffs-appellees.

Dixon and Snow, P.C., Steven Janiszewski, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

In an action to enforce a settlement agreement, defendant, Viola Joan Parga, substituted in June 1983 for her husband Robert Parga upon his death, appeals from the judgment in favor of plaintiffs, W.D. Tripp and bankruptcy trustee, Andrea Berger. The case was tried after remand from this court reinstating plaintiffs' action to enforce the agreement. *See Tripp v. Parga,* 764 P.2d 367 (Colo.App.1988) (85CA1713). We affirm.

This is the fourth appeal involving these parties and the procedural history of this case is set forth in *Tripp v. Parga, supra.* As pertinent here, on February 17, 1983, a judgment for $437,000 was entered in favor of Parga after a jury trial. On February 23, 1983, Parga's attorney wrote a letter to Tripp's counsel offering to settle the case if Tripp would accept the offer by February 28 and deliver $250,000 to Parga's attorney's office by 4:00 p.m. on March 2, 1983.

Tripp's attorney accepted the offer by telephone on February 28, 1983, and, within the hour, hand delivered a letter to that effect to counsel's office. Within minutes after delivery of the letter, Parga's attorney telephoned Tripp's attorney, who was then out of the office, and left a message that the offer was revoked. On March 2, Tripp and his attorney attempted to hand a certified check for $250,000 to Parga's attorney pursuant to the terms of the offer but tender was refused.

By letter dated March 3, Tripp's attorney notified Parga's counsel that he considered the attempted revocation of the February 23 offer as ineffective and would institute a breach of contract action if the settlement did not proceed. The letter stated:

"In the meantime, to protect my client's rights pertaining to post-trial motions, I am enclosing copies of Motion for Enlargement of Time and Motion for Stay of Execution in this matter. The filing of this Motion in no way should be construed as a withdrawal of the acceptance of the offer of settlement or the intention to timely tender the funds in accordance with the offer of settlement."

Shortly thereafter, with new counsel, and after his post-trial motions were denied, Tripp filed notice of appeal of the $437,000 judgment and posted a $480,000 supersedeas bond (83CA1329).

Then, on April 1, 1985, Tripp filed a separate action against Parga to enforce the settlement agreement. As relevant here, the trial court granted Parga's mo-

tion to dismiss that action for lack of jurisdiction. Specifically, the court determined that the claim was a collateral attack on the judgment. Tripp filed an appeal of that dismissal (85CA1713).

On December 10, 1985, Tripp filed a motion for limited remand with this court in 83CA1329 to allow him to proceed in the trial court to enforce the settlement or for a stay in order to determine the validity of the settlement. In his motion, Tripp explained that he intended to sue to enforce the agreement, but "would continue to protect his client's rights in [this case] in the meantime." Although Tripp was of the opinion that the enforcement action had been erroneously dismissed and that he had a right to bring a separate action, he requested that this court enter a limited remand of the appeal in order to determine the validity of the settlement. In the alternative, Tripp requested a stay of both appeals in order to resolve the issue of the enforcement of the settlement. Parga opposed the request for a limited remand or stay, alleging that it would produce "redundant litigation."

On December 27, 1985, this court denied the motion for limited remand, denied the stay of the appeal, and in September 1986, affirmed the underlying judgment, *see Parga v. Tripp* (Colo.App. No. 83CA1329, September 11, 1986) (not selected for publication) and remanded the case for determination of interest.

On remand, Tripp filed a motion under C.R.C.P. 60(b) to enforce the settlement agreement but, on Parga's motion, that also was dismissed. Tripp appealed that order in 87CA1030. While the appeals of 87CA1030 and 85CA1713 were pending, Parga proceeded to collect the $485,000 posted by the bonding company in satisfaction of the judgment in 83CA1329.

Subsequently, on May 26, 1988, a division of this court affirmed the dismissal in 87CA1030, but reversed the decision of the trial court dismissing the enforcement action in 85CA1713, and ordered reinstatement of Tripp's action for specific performance.

Shortly thereafter, Tripp filed for bankruptcy protection and moved to add the trustee as a party. Parga opposed the substitution, and the trial court granted summary judgment to Parga on the grounds that Tripp lacked standing to prosecute the action. Tripp appealed that decision, which also was reversed by this court on March 1, 1990, (89CA0647) and this action, once again, was reinstated.

After a bench trial, the trial court determined that a settlement contract had been formed on February 28, 1983, and that Tripp had neither waived nor abandoned his rights under the settlement agreement. It thus awarded $235,000 to Tripp "which represents the difference between the amount that [defendant] received and the amount of the settlement of $250,000." Parga appeals, and we affirm.

### I.

Parga first contends that the trial court erred by denying her motion for judgment on the pleadings. Specifically, she argues that, by pursuing the appeal of the $437,000 judgment, Tripp elected to disaffirm rather than enforce the settlement agreement and, thus, waived his right to its enforcement. We disagree.

Judgment on the pleadings is appropriate if, after the trial court construes the allegations of the pleadings strictly against the movant, the movant is entitled to judgment as a matter of law. *Abts v. Board of Education*, 622 P.2d 518 (Colo.1980).

Waiver is the intentional relinquishment of a known right and may be implied when a party engages in conduct which manifests an intent to relinquish the right or privilege, or acts inconsistently with its assertion. To imply a waiver by conduct, the conduct should be free from ambiguity and clearly manifest the intention not to assert the benefit. *Duran v. Housing Authority*, 761 P.2d 180 (Colo.1988).

Whether a party's inconsistent actions manifests an intent to waive is a factual determination. *Vogel v. Carolina International, Inc.*, 711 P.2d 708 (Colo. App.1985).

"A [party] is entitled to take all legal steps to protect his interests and does not waive or abandon any course of action open to him in the absence of an intentional relinquishment of a known right." *Judd v. Queen City Metro*, 31 Ohio App.3d 88, 508 N.E.2d 1034 (1986).

Parga's assertions to the contrary notwithstanding, Tripp's action in filing an appeal, in and of itself, was not inconsistent with the assertion of a settlement agreement. Here, after Tripp accepted Parga's offer to settle, Parga refused to accept Tripp's tendered $250,000, repudiated the agreement, and refused to perform. Thus, at the time Tripp filed for appeal, the validity of the settlement agreement was in dispute. In such a circumstance, there is no "known" right to waive or abandon. *See Judd v. Queen City Metro, supra* (after one party repudiates a settlement agreement reached after judgment and pending appeal, there is no waiver if victorious party attempts to execute on the judgment).

Thus, under these circumstances, Tripp's actions were not a "disaffirmance" of the settlement agreement. *Cf. Reifschneider v. Nebraska Methodist Hospital*, 212 Neb. 91, 321 N.W.2d 445 (1982) (pursuing tort action, plaintiff elected to terminate settlement contract); *Village of Kaktovik v. Watt*, 689 F.2d 222 (D.C.Cir.1982) (willingness to rescind settlement contract inferred from action of party to proceed with hearing).

Parga also contends that, because "cessation of legal action" was part of the bargain, Tripp, by proceeding with an appeal became unable to perform under the settlement agreement. We do not agree. Contrary to Parga's assertion, if Tripp had been able to have the validity of the settlement agreement determined before the appeal was decided—an effort made numerous times by Tripp and successfully resisted each time by Parga—the appeal would have been rendered moot.

Furthermore, we disagree with Parga's contention that *Howlett v. Greenberg*, 34 Colo.App. 356, 530 P.2d 1285 (1974) establishes a rule of law that, by the pursuit of an appeal, a party waives its right to enforce a prior settlement agreement as a matter of law. In *Howlett*, a division of this court determined that by pursuing an appeal of the denial of intervention in an underlying suit, the intervenors could not assert a breach of settlement contract action against the defendant. However, the circumstances in that case are dissimilar to those at issue here.

Although the facts set forth in *Howlett* are sparse, we infer from the opinion that the material terms of the agreement were that defendant would pay a certain sum of money to intervenors and intervenors would drop the appeal of the denial of its motion to intervene. Defendant did not pay and the intervenors did not drop the appeal. Thus, this court concluded that since these obligations were mutual and concurrent and since neither party had performed, neither could be in breach. It is significant that the validity of the settlement agreement in *Howlett* was not in dispute.

Here, on the other hand, a material part of Tripp's performance was to pay $250,000 to Parga. Parga's performance was to accept that amount in satisfaction of the outstanding judgment. Implicit in this agreement was that subsequent to the acceptance of the money, the litigation, including the appeal, would be terminated. Unlike the situation in *Howlett*, Tripp, by tendering the $250,000, materially performed. However, Parga refused to accept Tripp's performance and repudiated the agreement. Thus, proceeding with the filing of an appeal after Parga's refusal to accept the money was not, as in *Howlett*, a failure to perform its contractual obligation.

## II.

In June 1983, after the parties had entered into the settlement agreement, Tripp's attorney sent a new written offer of settlement to Parga, which Parga rejected, proposing that the settlement figure be reduced to $150,000. Parga argues that this conduct, in light of the fact that Parga had refused Tripp's tender of $250,000, demonstrated that Tripp had abandoned the previous settlement agreement. She

contends, therefore, that the trial court erred by not finding that Tripp was estopped from asserting his rights under the initial settlement. We do not agree.

■ Abandonment of a contract can be shown by a person's positive and unequivocal acts that are inconsistent with the party's intent to be further bound when coupled with the other party's acquiescence in those acts. *See Martin v. Montezuma–Cortez School District RE–1*, 809 P.2d 1010 (Colo.App.1990).

■ Whether a contract has been abandoned is one of fact and the burden of proof is on the party claiming abandonment. *Hoff v. Girdler Corp.*, 104 Colo. 56, 88 P.2d 100 (1939). There must be clear evidence of an intent to abandon. *School District RE–2(J) v. Panucci*, 30 Colo.App. 184, 490 P.2d 711 (1971).

■ Here, at the time Tripp made the new offer, he had already accepted Parga's offer. Subsequently, claiming that his physical health and financial well-being had deteriorated, Tripp proposed that the settlement amount be reduced.

Parga's argument is that, if Tripp considered that a settlement had been reached, then to present a new offer was inconsistent with that viewpoint and constituted an abandonment of the position that the case was settled. The trial court rejected this argument: "When the plaintiff says there's a settlement agreement and you say there's not a settlement agreement, what you're saying is, he's supposed to act consistent only with that and ignore the fact you've repudiated and said there's no settlement agreement. That doesn't make any sense."

Thus, the trial court found that Tripp intended to be bound by the settlement agreement and that his attempt to substitute a lower settlement amount was not inconsistent with that intent. Supported as they are by evidence in the record, we will not disturb these findings on appeal. *See Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986).

## III.

The trial court found that, under the settlement agreement, Parga had agreed to accept $250,000 from Tripp in satisfaction of judgment in the underlying case. Moreover, it concluded that Parga had been unjustly enriched by $235,000—the difference between the $485,000 judgment that Parga received when the underlying case was affirmed on appeal and the $250,000 for which Parga had agreed to settle—and entered judgment for Tripp in that amount.

Parga contends, however, that the evidence was insufficient to establish that her enrichment was unjust. Specifically, she asserts that there were no inequitable circumstances here in that she obtained the $485,000 from the bonding company that posted the appeal bond and "took her money only after winning on appeal, fair and square." We reject this argument.

■ To establish the right to recover sums on the basis of unjust enrichment, a plaintiff must establish: (1) that a benefit was conferred on an adverse party; (2) that the benefit was appreciated by the adverse party; and (3) that the benefit was accepted by the adverse party under such circumstances that it would be inequitable for it to be retained without payment of its value. *Martinez v. Continental Enterprises, supra.*

Restitution, such as that ordered here, is generally awarded when the defendant has gained a benefit that it would be unjust for him to keep, even if he gained it honestly. D. Dobbs, *Remedies* § 4.1 (1973).

■ Here, with record support, the trial court determined that, although the parties had agreed to settle the case for $250,000, Parga ultimately received judgment for $485,000. Thus, the court concluded that the amount paid to Parga in excess of $250,000 was unjust. We perceive no error. *See People v. Perse*, 750 P.2d 923 (Colo.App.1988).

The judgment is affirmed.

STERNBERG, C.J., and NEY, J., concur.